UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DUANE JENKINS**, <br><br> *Plaintiff,* <br><br> v. <br><br> **MASON HARRIMAN GROUP, INC.**, <br><br> *Defendant.* | Case No. 1:23-cv-629-RCL |

**MEMORANDUM OPINION**

Plaintiff Duane Jenkins, a Virginia resident, brought this diversity action against Defendant Mason Harriman Group, Inc. (MHG), a New Jersey corporation headquartered in Washington, D.C. In his Complaint, Jenkins alleges one count of breach of contract and one count of unjust enrichment, seeking $400,000 in damages. Complaint ¶¶ 20–29, ECF No. 2. Before the Court are Jenkins' motion to compel discovery from MHG and his motion to extend discovery to retake what he argues was a deficient third-party deposition.[1] *See* Jenkins Motion to Compel, ECF No. 49; Jenkins Motion to Extend Discovery, ECF No. 51. For the reasons explained below, the Court will **GRANT IN PART** the motion to compel and **DENY** the motion to extend discovery to retake a third-party deposition.

I.     **BACKGROUND**

A. **Factual History**

Jenkins entered into an agreement (the "Subcontractor Agreement") in 2020 with MHG, which specified that Jenkins would provide MHG "with consulting services for business

---

[1] MHG has also filed a motion for summary judgment, *see* ECF No. 48, which will be the subject of a separate Memorandum Opinion and Order.

1

development activities" for MHG's clients. Complaint ¶ 10. In particular, the Subcontractor Agreement stated that Jenkins would provide MHG with consulting services for specific clients as described in advance within separate task orders, and that MHG's use of Jenkins' "pre-existing proprietary materials is limited to the specific deliverable outlined in such task orders." *Id.* ¶¶ 10, 14; Complaint Exhibit A, at 1, 6–7. The parties entered into two task orders for projects relating to the Department of Homeland Security and the Department of Health and Human Services. Complaint ¶ 11.

According to Jenkins, before entering into the Subcontractor Agreement, he developed a cost-management method he calls "Budget, Cost, Performance Integration" (BCPi) and a derivative method called "Technology Business Management extended" (TBMx)—which are both "configurations" of a third-party cost-budget modeling software called CostPerform. Jenkins Depo. at 64:18–65:10, ECF No. 48-2. Jenkins alleges that, after completing the task orders under the Agreement, he discovered that MHG "had used his work to seek out and obtain a client for which it had not contracted with [him]." Complaint ¶ 15. Specifically, Jenkins claims that MHG secured a subcontract with the Sara Software Systems—which in turn secured a separate contract with the Small Business Administration (SBA)—using his proprietary methods without his knowledge or approval, in violation of the Subcontractor Agreement. *Id.* ¶¶ 16–19; Jenkins Opp. re MSJ at 3, ECF No. 52.

B. **Procedural History**

In March 2023, Jenkins sued MHG, alleging breach of contract and unjust enrichment based on MHG's wrongful use of his intellectual property. After preliminary motions were resolved, the Court granted the parties' proposed schedule in May 2024, which set the deadline for completion of fact discovery on October 4. ECF Nos. 13, 17. In August 2024, the Court granted

the parties' motion to extend the deadline for discovery to December 4.  ECF No. 19.  About a month later, Jenkins moved to compel discovery based on MHG's failure to timely and sufficiently respond to Jenkins' production requests.  ECF No. 20.  After months of protracted briefing and delay, the Court held a hearing on the motion in July 2025.  ECF No. 35.  On July 21, the Court granted the motion to compel as unopposed because MHG's opposition was untimely and MHG had not provided a sufficient justification for overcoming the untimeliness.  ECF No. 36.  Shortly thereafter, on August 5, the Court granted the parties' proposed scheduling order, which set the deadline for the completion of fact discovery and dispositive motions on October 3.  ECF No. 38.

In mid-August, Jenkins sought third-party discovery from the SBA regarding its relationship with MHG and Sara Software.  ECF No. 55-2.[2]  Jenkins' counsel indicated that he planned to take the deposition of the SBA's representative "the week of Sept 29-Oct 3."  *Id.*  MHG's counsel promptly replied that he already had depositions scheduled Monday through Thursday of that week, so the parties agreed to schedule the deposition for Friday, October 3.  *Id.*  Jenkins then served the SBA a subpoena listing the subject matters of the deposition, including its familiarity with the BCPi/TBMx methods and any contracts that the SBA had entered into with MHG.  ECF No. 51-1.  On October 3, Nauman Ahmad Ansari sat for the deposition as SBA's representative.  ECF No. 51-2.  During the deposition, Ansari testified that he had reviewed and was prepared to discuss a 2018 contract SBA had with MHG.  *Id.* at 16:21–18:06.  However, Ansari had not reviewed documents relating to Sara Software's contract with SBA and was not familiar with BCPi or TBMx.  *Id.* at 18:17–21:17.  Upon learning these facts, Jenkins' counsel terminated the deposition at 10:03 a.m.  *Id.* at 21:18–22:06, 24:08.  On October 9, six days after

---

[2] Jenkins was not able to serve Sara Software; nor could Jenkins find a suitable replacement representative in time to for the witness to prepare before the close of discovery.  Jenkins Motion to Extend Discovery at 3, ECF No. 51.

the close of discovery, Jenkins moved to extend discovery to re-take the SBA's deposition.  ECF No. 51.

On September 10, Jenkins' counsel deposed MHG's corporate representative, Theodore Vagias.  ECF No. 49-2.  On September 12, Jenkins' counsel sent a letter to MHG's counsel requesting follow-up information on questions asked at this deposition—specifically, the profitability of MHG's work for the SBA and whether MHG believed it was allowed to use Jenkins' propriety information outside the deliverables outlined in the task order.  ECF No. 49-5.  Three days later, on September 15, MHG responded to Jenkins' second set of interrogatories following up on financial information associated with MHG's contract with the SBA.  ECF No. 49-6.  Unsatisfied with Vagias' testimony and MHG's responses, Jenkins again moved to compel on October 3.  ECF No. 49.

In light of the November 24, 2025 trial date, the Court expedited briefing on the motions, which are now ripe.  *See*; MHG Opp. re Motion to Compel, ECF No. 53; MHG Opp. re Motion to Extend Discovery, ECF No. 55; Jenkins Reply re Motion to Extend Discovery, ECF No. 56; Jenkins Reply re Motion to Compel, ECF No. 57.

## II.   DISCUSSION

### A. Motion to Extend Discovery to Retake a Third-Party Deposition

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  When a motion for an extension is made after the original deadline has passed, the moving party must *also* show that the delay in seeking the extension was due to "excusable neglect."  *Id.* 6(b)(1)(B).  When determining whether a party has demonstrated excusable neglect, a court considers "the risk of prejudice to the non-movant, the length of delay, the reason for the delay, including whether it was in control of the movant, and whether the movant acted in good faith."  *FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 447 F.3d 835, 838 (D.C.

4

Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395–97 (1993)).

Jenkins filed his motion to extend discovery on October 9, six days after discovery closed on October 3. ECF No. 51. In his motion to extend discovery, Jenkins does not acknowledge the motion's untimeliness, much less argue the existence of excusable neglect. While Jenkins attempts to rectify this mistake in his reply brief, an argument raised "for the first time in [a] reply brief" is ordinarily deemed "waived," and Jenkins offers no basis for finding an exception here. *Lindsey v. District of Columbia*, 879 F. Supp. 2d 87, 95 (D.D.C. 2012).

In any case, the Court is skeptical that Jenkins can demonstrate good cause or excusable neglect. To begin, Jenkins waited until the last week of discovery to depose the SBA's representative, Ansari. Jenkins claims that the SBA failed to produce a deponent who was prepared to address all the topics described in the subpoena served to it on August 22, 2025, but he offers no compelling reason as to why he delayed seeking discovery from the SBA in the first place. In his initial motion, Jenkins suggests that he did not realize he would need to depose an SBA representative until MHG "produced additional materials" in response to the Court's July 21 motion to compel. Jenkins Motion to Extend Discovery at 3 ("It became clear further examination of the Sara contract and the work provided to MHG was necessary to determine the truth behind MHG's use of Mr. Jenkins' property. To that end, Plaintiff set [out] to serve . . . the Small Business Association . . . ."). But in his Complaint, filed in March 2023, Jenkins alleged that MHG violated the Subcontractor Agreement through its dealings with the SBA. It should have therefore been apparent from the get-go that Jenkins would need discovery from the SBA in this case.

In his reply, Jenkins states that he delayed because he did not have enough information to craft a subpoena that would allow an SBA representative to properly prepare for the deposition

until MHG produced documents relating to the Sara Software contract on August 6, 2025. Jenkins Reply re Motion to Extend Discovery at 1, ECF No. 51. But it was the parties who suggested the October 3 deadline for discovery, ECF No. 38, and it was Jenkins who proposed deposing an SBA representative the week of September 29 to October 3, ECF No. 55-1. Thus, the delay was at least in part in Jenkins' control.

Finally, Jenkins has not demonstrated that the lack of such discovery would unfairly prejudice him. Jenkins' counsel called off the deposition because Ansari (1) was not prepared to discuss the Sara Software contracts, and (2) was unfamiliar with the BCPi and TMBx methods. As to the first basis, the Court notes that the subpoena sent to SBA makes no explicit mention of Sara Software, and instead prompted the SBA to review, in particular, a contract numbered 73351018F0343—but Jenkins' counsel never asked Ansari about this contract and instead called off the deposition soon after Ansari indicated that he was unfamiliar with a different contract numbered 73351024F0002. ECF No. 51-1; Ansari Depo. at 20:15–20:22, ECF No. 51-2. That Jenkins' counsel may have jumped the gun in cutting short the deposition is no reason to extend discovery now.

The Court further observes that the latter contract is not mentioned in the subpoena. Moreover, this contract is the one between MHG and Sara Software. ECF No. 49-3. Yet Jenkins makes no argument as to why the SBA would necessarily have knowledge about this contract when the agency was not a party to it. Even if contracting regulations would have led the SBA to require Sara Software to disclose its subcontractor, Jenkins does not explain why SBA would necessarily have the subcontract itself. As for Ansari's unfamiliarity with BCPi and TMBx—it is not clear whether this was a function of his lack of preparation or simply a function of the SBA having no knowledge of Jenkins' purportedly proprietary methods. At the least, the Court is not

convinced that denying Jenkins the chance to retake the SBA deposition would severely prejudice him given these considerations. This motion will therefore be denied.

### B. Motion to Compel

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move to compel discovery when "a deponent fails to answer a question" or when "a party fails to answer an interrogatory." Fed. R. Civ. P. 37(a)(3)(B). The Court enjoys "broad discretion in determining whether to grant or deny a motion to compel discovery," and an appellate court will not reverse the Court's decision "unless there has been an abuse of discretion resulting in prejudice." *Futrell v. Dep't of Lab. Fed. Credit Union*, 816 A.2d 793, 809 (D.C. 2003) (quoting *Haynes v. District of Columbia*, 503 A.2d 1219, 1224 (D.C. 1986)).

"A motion to compel a witness to answer questions put at a deposition should be granted if the questions are relevant and proper and denied if the questions call for privileged information." *Cobell v. Norton*, 213 F.R.D. 16, 23 (D.D.C. 2003) (quoting 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2286 (2d ed. 1994)); *see also* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").

Jenkins moved to compel discovery on the basis that MHG (and its representative, Vagias) failed to respond to interrogatories and deposition questions. While the Court cannot conclude that MHG's interrogatory responses were incomplete, the Court will grant the motion to compel proper responses to the unanswered questions that Jenkins' counsel asked at Vagias' deposition.

#### 1. Interrogatories

Jenkins asserts that MHG failed to provide sufficient responses to Jenkins' second interrogatories. Specifically, Jenkins takes issue with MHG responding to questions regarding the

profitability of its contract with Sara Software by instructing Jenkins to "ascertain the information" from "MHG 000409-23 and others that have been produced in this case." Jenkins Motion to Compel at 10, ECF No. 49 (quoting ECF No. 49-6). According to Jenkins, the referenced document does not contain information regarding the profitability of the SBA project. *Id.* at 10 n.3. But by failing to include the referenced document as an exhibit to his motion (or otherwise indicate where in the record it may be found), Jenkins has failed to provide the Court with a basis on which to evaluate this claim. *See United States v. Kellogg Brown & Root Servs., Inc.*, 284 F.R.D. 22, 27 (D.D.C. 2012) ("When the opposing party has answered the movant's interrogatories, the party moving to compel discovery has the burden of showing that the opposing party's responses are incomplete."). So, as to the purportedly deficient interrogatory responses, Jenkins' motion is denied.[3]

**2. Deposition**

The Court is, however, persuaded as to the deficiencies in Vagias' deposition testimony. To begin, Jenkins argues that Vagias refused to answer questions regarding whether MHG could use Jenkins' intellectual property under the Subcontractor Agreement—that is, questions that went to MHG's understanding of the contract. For example, Jenkins takes issues with Vagias refusing to answer the following question: "Was it your understanding that the intellectual property that was created for each client was a deliverable for each client?" Jenkins Motion to Compel at 4, ECF No. 49 (quoting Vagias Depo. at 145:21–146:02, ECF No. 49-2). Defense counsel objected that the question calls for a "legal conclusion," and to the extent that it merely asks for Vagias' understanding, it "calls for information that would have been learned through conversations

---

[3] MHG appears to have corrected the deficiencies in its interrogatory responses after the motion to compel was filed by providing a supplemental response on October 10. *See* Jenkins Reply re Motion to Compel at 3–4, ECF No. 57; October 10 Email, ECF No. 53-3; Supplemental Responses, ECF No. 52-3.

between the client and the attorney," therefore implicated "attorney-client privilege."  Vagias Depo. at 146:03–146:14, ECF No. 49-2.  In response to a series of questions regarding whether MHG could use Jenkins' preexisting propriety materials (assuming he had any) for uses outside the specific deliverables outlined in the task orders, Vagias insisted that Jenkins "didn't have preexisting intellectual property" but refused to give an answer as to MHG's understanding of the contract it had entered into with Jenkins.  *Id.* at 149:11–151:07.[4]

Jenkins next contends that Vagias improperly refused to authenticate MHG's subcontract with Sara Software.  In response to Jenkins' counsel's question regarding whether an exhibit presented to Vagias at his deposition was the relevant contract, Vagias replied: "If this document came from [MHG] to you, then this is the document that we would have sent on a subcontract between Sara Soft to [MHG]."  *Id.* at 246:19–247:21.  As for an amendment to the subcontract, Vagias could not identify the exhibit presented to him without further documentation, which he indicated he could later provide.  *Id.* at 249:18–255:14 ("Without my documentation, I can't tell you . . . . If you would like, we can send you that.").  Similarly, Vagias represented that he did not know how much revenue and profit was paid to MHG under its subcontract with Sara Software, again stating that he could provide a written answer.  *Id.* at 261:13–262:22 ("We can provide you with that information.").  But MHG never responded to Jenkins' September 12 letter following up on the issues that arose at Vagias' deposition.

In its opposition, MHG renews no argument that any of Vagias' responses were privileged.  While MHG's counsel at one point raised attorney-client privilege at the deposition, MHG has failed to defend that position despite having the burden to do so.  *See Cobell*, 213 F.R.D. at 23

---

[4] *See also, e.g.*, Vagias Depo. at 152:06–152:12, ECF No. 49-2 ("Q: [Y]our counsel has objected but he hasn't instructed you not to answer, so please answer. A: You're saying if materials were utilized, materials weren't utilized because he didn't provide any preexisting proprietary information or materials.").

("The party that asserts the existence of the attorney-client privilege possesses the burden of demonstrating its applicability."). In any event, certainly some of Jenkins' counsel's questions did not implicate the privilege. And even those questions relating to Vagias' understanding of the Subcontractor Agreement would not have been privileged if the question called for his subjective interpretation of the text of the contract itself, without requiring him to disclose any confidential communication with his lawyer.

Nor does MHG contend that the information Jenkins sought was not relevant to his claims. Instead, MHG simply asserts that Vagias' responses were complete. The Court, however, cannot agree. Vagias was evasive and combative during his deposition, and he refused to give a straightforward answer to questions that called for relevant, nonprivileged information. On multiple occasions, he indicated the need to follow up in writing to provide a proper answer, but he failed to do so even after Jenkins sent the September 12 letter indicating the deficiencies in the deposition testimony.

The foregoing should not be read to suggest that MHG's counsel's objections were unfounded across the board. But a deponent must answer the attorney's question so long as the question does not call for privileged or otherwise objectionable information—even when the opposing counsel raises a legitimate objection to the question. *See* Fed. R. Civ. P. 30(c)(2) ("An objection at the time of the examination . . . must be noted on the record, but the examination still proceeds . . . . A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."). The Court will therefore grant Jenkins' motion to compel discovery as to the deficiencies in Vagias' deposition testimony.

Seeking to avoid this outcome, MHG points out that Jenkins filed this motion on the last day of discovery—October 3—even though the deposition in dispute took place on September 10 and the interrogatory responses in dispute were provided on September 15. ECF No. 49-2; ECF No. 49-6. A court may deny a motion to compel that is filed "too close to the close of discovery to be resolved prior to the deadline." *United States v. All Assets Held at Bank Julius Baer & Co.*, No. 04-cv-798, 2019 WL 1167743, at *3 (D.D.C. Mar. 13, 2019); *Bethea v. Comcast*, 218 F.R.D. 328, 331–32 (D.D.C. 2003) (denying a motion to compel as untimely where plaintiff filed the motion only a few days "prior to the extended discovery deadline" because the motion could not "be fully briefed" or decided "before the discovery period closed").

However, in this case, Jenkins first moved to compel in September 2024 and waited until July 2025 for that motion to be granted. ECF Nos. 20, 36. He then had just over two months to conduct the remaining discovery. While waiting to move until the last day of discovery is certainly not best practice, the fact that Jenkins had only about two weeks between receiving the deficient responses and the close of discovery sets this case apart from those where courts of appeals have upheld denials of eleventh-hour motions to compel. *See, e.g.*, *Summy-Long v. Penn. State Univ.*, 715 F. App'x 179, 184 (3d Cir. 2017) (affirming district judge's denial of motion to compel where plaintiff "waited almost twenty months" to file "a motion to compel on the very last day of discovery"); *Barnes v. Madison*, 79 F. App'x 691, 699 (5th Cir. 2003) ("It was only in the last days leading up to the . . . discovery deadline that Barnes began to press the issue with a motion to compel, despite the fact that Barnes had received the defendants' objections to her discovery requests *months* earlier." (emphasis added)).

Next, MHG argues that Jenkins failed to make good faith efforts to resolve the discovery dispute without court intervention. A motion to compel "must include a certification that the

11

movant has in good faith conferred or attempted to confer with person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In his errata to his motion to compel, Jenkins stated that his counsel received "[n]o response" to letters sent to MHG's counsel on September 12 and October 3 regarding the outstanding discovery disputes, and that these letters satisfied his "meet and confer" requirements. ECF No. 50. This is somewhat misleading: While Jenkins filed his motion to compel *before* MHG responded to the October 3 email, he filed his errata only *after* MHG responded (three hours after it was sent) asking for an opportunity to meet and confer. *See* ECF No. 49 (Jenkins moved to compel at 4:40 p.m.); ECF No. 53-2 (Jenkins emailed MHG at 1:42 p.m., and MHG responded at 4:47 p.m. and 4:56 p.m., asking for an opportunity to meet and confer); ECF No. 54 (Jenkins filed his errata at 5:13 p.m., claiming that MHG never responded to the October 3 email). Jenkins' subterfuge regarding the October 3 communication is not appreciated. But ultimately, MHG failed to respond to the September 12 letter—which did indicate that Jenkins would consider moving to compel if MHG failed to respond. MHG had over two weeks to respond to the letter but never did so.

In sum, the Court will grant the motion to compel to retake Vagias' deposition so that he can properly respond to the unanswered questions that Jenkins' counsel posed in the first deposition. Or in lieu of a new deposition, the parties may complete this discovery in some other agreed-upon manner. The deadline for completing this outstanding discovery will be November 5, 2025. In resolving this motion, the Court reminds counsel that they are expected to conduct themselves with professionalism and civility. Regrettably, it is clear that the discovery proceedings in this case have devolved into acrimonious disputes between the parties and the

lawyers.[5]  As the trial date approaches, the Court admonishes all involved to cooperate to resolve the remaining issues.

### 3. Attorneys' Fees

If a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  But a court may not award attorneys' fees if (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (2) the opposing party's was "substantially justified" in opposing discovery; or (3) "other circumstances make an award of expenses unjust." *Id.* 37(a)(5)(A)(i)–(iii).  "If the motion is granted in part and denied in part, the court may . . . apportion the reasonable expenses for the motion."

---

[5] Consider the following exchange at Vagias' deposition:

> **Jenkins' Counsel:** I asked the question.
>
> **MHG's Counsel:** There's no—ask another question.  Ask it again in a different way.  The problem is with the question.
>
> **Jenkins' Counsel:** I'm asking it in English.  Do you want me to put it into Spanish?  I don't know.
>
> **Vagias:** You being derogatory?  Are you being derogatory with the Spanish?
>
> **MHG's Counsel:** Just stop, Teddy.
>
> **Jenkins' Counsel:** Oh, please.
>
> **Vagias:** Are you going to say the same thing about Greeks?  Is that the way you're going to behave?
>
> **MHG's Counsel:** Enough.  Enough.  We're moving on.  Ask your question.
>
> **Jenkins' Counsel.** Yes.  Pretend.
>
> **Vagias:** Is that the question?
>
> **Jenkins' Counsel:** The question is, was your company allowed to reuse preexisting proprietary materials for another client if they were contributed by Mr. Jenkins?
>
> **MHG's Counsel:** Objection.  Form.  Calls for a hypothetical.  Calls for a legal conclusion.  Assumes facts not in evidence.

Vagias Depo. 153:13–154:15, ECF No. 49-2.

As mentioned, Jenkins' September 12 letter fulfilled the minimum requirement of his good faith obligation. "A party is 'substantially justified' in opposing discovery 'if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Parsi v. Daioleslam*, 778 F.3d 116, 127 (D.C. Cir. 2015) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Reasonable people cannot differ about whether a party is entitled to withhold [evidence] without articulating any claim of privilege." *Id.* As for whether an award of expenses would be just, the Court is mindful that this is the *second* motion to compel that Jenkins has filed. After the long delay in discovery caused primarily by MHG's lack of diligence, MHG should have taken pains to ensure that the outstanding discovery disputes were resolved expeditiously. The Court will therefore order MHG to reimburse Jenkins' reasonable expenses and fees incurred in bringing the motion—but only as to the costs associated with the deficient deposition answers since the motion will be denied as to the purportedly deficient interrogatory answers.

\* \* \*

The Court recognizes that MHG's motion for summary judgment is now also ripe. MHG SJM, ECF No. 48; Jenkins Opp. re SJM, ECF No. 52; MHG Reply re SJM, ECF No. 58. Given that the Court will grant in part Jenkins' motion to compel, the Court will also allow the parties to file supplemental briefs regarding summary judgment. Each party's supplemental brief will be due on November 10, 2025, and should be limited to no more than 15 pages each.

### III. CONCLUSION

For the foregoing reasons, the Court will **DENY** the motion to extend discovery to retake a third-party deposition. The Court will further **GRANT IN PART** and **DENY IN PART** the motion to compel. A separate Order consistent with this Memorandum Opinion shall issue.

Date: 10.27.25

Royce C. Lamberth
United States District Judge